UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RODNEY WILSON,**

    **Plaintiff,**

  v.                    ACTION NO. 2:03cv908

**DR. DONALD AMRIEN,
MRS. ISABELLA SMITH, and
ACCOMACK COUNTY JAIL,**

    **Defendants.**

## OPINION AND FINAL ORDER

  Plaintiff, a Virginia inmate, brings this pro se action pursuant to 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights. Specifically, Plaintiff claims that he received inadequate medical care while he was confined at Accomack County Jail from December 11, 2002, through January 14, 2004. Plaintiff seeks an unspecified amount of monetary damages, whatever injunctive relief the Court can provide, and to be transported to a hospital facility for a second opinion. This action is before the court on the Motion of Dr. Amrien and Mrs. Smith [hereinafter "the Defendants"] for Summary Judgment. For the reasons set forth below, the Defendants' Motion for Summary Judgment is **GRANTED**.

### I. Procedural History

  Plaintiff qualified to proceed in forma pauperis on January 29, 2004, and the Court ordered his Complaint filed on March 15, 2004. (Doc. 7.) On the same date, the Court ordered Plaintiff to submit documentation of administrative exhaustion, within thirty (30) days. Id. Plaintiff timely submitted an affidavit and exhibits, but neglected to comply with the FED. R. CIV. P. 11 requirement of an original signature. By Order dated May 19, 2004, the Court directed

Plaintiff to sign and resubmit the affidavit and exhibits, warning him that the same would be stricken from the record if he did not follow the Court's direction. (Doc. 10.) Due to Plaintiff's failure to comply within the time allowed, the Court ordered that the affidavit and exhibits be stricken from the record on August 31, 2004. (Doc. 12.) Accomack County Jail was dismissed as a defendant in the same Order. Id. Dr. Amrien and Mrs. Smith remained as proper parties and filed the instant Motion for Summary Judgment, as well as a Memorandum and affidavits in support thereof. (Docs. 16 and 17, respectively.)

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was notified of his opportunity to respond to Defendants' Motion with any material that he wished to offer in rebuttal. Mem. in Supp. Mot. Summ. J. at Ex. D. Plaintiff was also instructed that failure to submit any materials could result in an adverse judgment based on Defendants' Motion and accompanying affidavits. Id. The time for Plaintiff to respond to Defendants' Motion for Summary Judgment has passed without any submission by Plaintiff; thus, Defendant's Motion is ripe for determination.

## II. Facts

Plaintiff was invited to file an affidavit and any other material he wished in response to Defendants' Motion for Summary Judgment. Nonetheless, Plaintiff did not file any affidavits in opposition to Defendants' affidavits. Consequently, Plaintiff's Complaint is not verified, and no evidence has been put forth to support it. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The following facts, which are facts only for the limited purpose of deciding the instant motion, are taken from the Defendant's Statement of Undisputed Facts.

> 1. Dr. Amrien saw and treated plaintiff for hammer toes and callous pain.

      2. Plaintiff complained of stomach burning, was diagnosed with acid reflux and placed on a course of treatment for that diagnosis as determined by Dr. Amrien.

      3. Plaintiff complained of upper torso and shoulder pain, was seen by Dr. Amrien, diagnosed with bursitis and placed on a course of treatment for that diagnosis as determined by Dr. Amrien.

      4. Plaintiff refused multiple times to see Dr. Amrien.

      5. Nurse Smith advised plaintiff, inter alia, that the burning was unrelated to the ibuprofen prescribed for his podiatric problems and was not mandatory and recommended, unsuccessfully, that plaintiff consult with Dr. Amrien for his various complaints.

Mem. in Supp. Mot. Summ. J. at p. 5.

### III. Standard of Review

Summary judgment under Rule 56 is appropriate only when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See, e.g., Celotex Corp., 477 U.S. at 322-24; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Terry's Floor Fashions v. Burlington Indus., 763 F.2d 604, 610 (4th Cir. 1985). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. Celotex Corp., 477 U.S. at 322-24. Such facts must be presented in the form of exhibits and sworn affidavits. Failure by a plaintiff to rebut a defendant's motion with such evidence on his behalf will result in summary judgment when appropriate. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment...against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

IV. Analysis

Plaintiff claims that he received inadequate medical care while he was an inmate at Accomack County Jail. According to Plaintiff, the care he received was inadequate because the course of treatment prescribed to alleviate the pain he suffered from hammer toes, callouses, muscle aches, and bursitis involved his consuming significant amounts of Motrin, which, in turn, caused him severe stomach upset. Compl. at p. 4 and handwritten page [hwp.] 2.

Courts use the Eighth Amendment to scrutinize the treatment a prisoner receives in prison and the conditions of confinement. To prove cruel and unusual punishment in violation of the Eighth Amendment, a plaintiff must satisfy a two-prong test that has both an objective and a subjective component. The first prong, which is an objective inquiry, asks whether the deprivation alleged is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298 (1991). The inmate must be denied "the minimal civilized measure of life's necessities," Wilson, 501 U.S. at 298, and the deprivation must violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981) (although the conditions may be restrictive and even harsh, they are part of the penalty that criminal defendants must pay for their offenses against society).

The second prong, a subjective inquiry, requires an inmate to demonstrate that the prison officials acted at least with deliberate indifference toward his or her needs. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 302-03. This subjective prong requires more than negligent conduct; deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 835-37 (establishing a subjective recklessness standard for prison-condition cases); Whitley v. Albers, 475 U.S. 312, 319 (1986). In addition, a plaintiff must produce evidence of serious or significant physical or emotional injury resulting

from the challenged cruel and unusual prison conditions.  Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir.), cert. denied, 510 U.S. 949 (1993).

Deliberate indifference by prison personnel, including medical staff, to an inmate's serious illness or injury creates a cause of action under 42 U.S.C. § 1983 as cruel and unusual punishment under the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).  A plaintiff may demonstrate the deliberate indifference of the prison medical staff by either actual intent or reckless disregard.  Id.  "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position."  Id. at 851-52; see also Mitchell v. Aluisi, 872 F.2d 577, 579 (4th Cir. 1989).  The deliberate indifference component involves a determination by the court of whether the prison official had a sufficiently culpable state of mind.  Wilson, 501 U.S. at 297.  In Farmer, 511 U.S. 825 (1994), the Supreme Court looked to the subjective state of mind of the prison official:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.

Id. at 1979.

Mere malpractice or negligence in diagnosis or treatment does not state a constitutional claim.  Estelle, 429 U.S. at 105-06; Miltier, 896 F.2d at 852.  Moreover, medical care that is far

5

from perfect is not actionable where the inmate suffers no ill effects.  See Taylor v. Barnett, 105 F.Supp 2d 483, 488 (E.D. Va. 2000) (citing Burton v. Cameron County Tex., 884 F. Supp. 234, 238-39 (S.D. Tex. 1995).  Finally, disagreement between an inmate and a physician as to the proper course of treatment does not rise to the level of a constitutional violation.  See Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975) (finding that medical judgments are not judicially reviewable).

Turning to the matter before the Court, Plaintiff fails to make a sufficient showing that the Defendants acted with deliberate indifference to his medical needs.  He sets forth no evidence that the Defendants provided treatment of a grossly incompetent, inadequate, or excessive quality, see Miltier v. Beorn, 896 F.2d at 851, or disregarded his need for treatment altogether.  To the contrary, in his allegations Plaintiff acknowledges that Lodin and Darvocet (a medical dose pack) work to treat his pain.  Compl. at HW p. 2.  While it is true that Plaintiff *fears* "all these drugs are causing [him] other serious problems," id., his fear has not been ignored.  When Mrs. Smith learned of Plaintiff's complaint about his stomach, she determined that he had acid reflux and that the cause of the reflux was independent of the prescribed pain relievers.  Mem. in Supp. Mot. Summ. J. at Ex. D, Aff. of Isabella Smith.  Dr. Amrien concurred with Mrs. Smith's diagnosis and prescribed a course of treatment for acid reflux.  Id. at Aff. of Donald Amrien.

Plaintiff is entitled to his own opinion about the origin of his stomach ailment, which he expresses on page four of his complaint.  But, to the extent he manifests his disagreement with Dr. Amrien's diagnosis by refusing to see him again, Plaintiff - not Dr. Amrien or Mrs. Smith - disregards his medical needs.  See Compl. at hwp. 2, "[t]hey tried endlessly to get me to see Dr. Amrien again to cover up his and her mistake," and at hwp. 3, "I refuse to let this Doctor check me out!"  Furthermore, even if Plaintiff's opinion is correct, mere disagreement with the

treatment he was provided does not rise to the level of a constitutional violation. <u>Russell v. Sheffer</u>, 528 F.2d at 318.

### IV. Conclusion

For the aforementioned reasons, the court **GRANTS** the Motion of Dr. Amrien and Mrs. Smith for Summary Judgment.

Plaintiff is advised that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this order. If plaintiff wishes to proceed <u>in forma pauperis</u> on appeal, the application to proceed <u>in forma pauperis</u> is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to Plaintiff and to counsel for the Defendants.

IT IS SO **ORDERED**.

                                               /s/
                                    HENRY COKE MORGAN, JR.
                                    SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 11, 2005